UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAMAL RAJ,<br>Petitioner,<br>v.<br>BRUCE SCOTT,<br>Respondent. | C26-3025 TSZ<br>ORDER |

THIS MATTER comes before the Court on a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 4. Having reviewed all materials filed in support of, and in opposition to, the petition, including the audio recording of a bond hearing conducted on May 15, 2026, Ex. A to Clark Decl. (docket no. 9), the Court enters the following Order.

**Background**

Petitioner Kamal Raj is a citizen of the Republic of India. *See* Truong Decl. at ¶ 3 (docket no. 10). In March 2021, he entered the United States through Chicago O'Hare International Airport and was detained after admitting that, in 2019, he had worked for

five months in the United States without authorization. See id. at ¶¶ 4–8. In May 2021, petitioner was released on humanitarian parole, relocated to California, was enrolled in the Alternatives to Detention ("ATD") program, and was fitted with a Global Positioning System ("GPS") ankle monitor. See id. at ¶¶ 8 & 10. In July 2025, petitioner's applications for asylum and withholding of removal were deemed incomplete and abandoned, and he was ordered removed to India. Id. at ¶ 13. Petitioner has sought review of the removal order by the Board of Immigration Appeals ("BIA"). Id. at ¶ 14.

While awaiting the BIA's decision, petitioner removed his GPS ankle monitor, and on April 6, 2026, it was discovered on the side of a road in Sacramento, CA. See id. at ¶ 15; see also Raj Decl. at ¶ 11 (docket no. 12). On April 7, 2026, petitioner was presented to United States officials at the port of entry in Sumas, Washington, accompanied by Canadian Border Services agents, who had denied him entry to Canada. Truong Decl. at ¶ 16 (docket no. 10). On April 8, 2026, petitioner was transported to and booked into the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"), where he is currently held. See id. at ¶ 17. In May 2026, petitioner's previous habeas petition was granted, and the United States Department of Homeland Security ("DHS") was directed to provide petitioner a bond hearing at which the DHS was required to "demonstrate the justification for detention by clear and convincing evidence." *Raj v. Mullin*, No. C26-1323, 2026 WL 1300423, at *4 (W.D. Wash. May 12, 2026).

During the required bond hearing, at which petitioner was represented by counsel, the immigration judge interpreted the May 2026 Order as placing on DHS a burden to

establish by clear and convincing evidence that petitioner is a flight risk and/or a danger to the community. *See* Ex. A to Clark Decl. (docket no. 9). The immigration judge concluded that DHS had met this burden with respect to petitioner's flight risk. *See id.*; Ex. C to Clark Decl. (docket no. 8-2). Petitioner has timely appealed this decision to the BIA. Truong Decl. at ¶ 21 (docket no. 10). In August 2026, petitioner initiated this immigration habeas proceeding. *See* Prop. Pet. (docket no. 1).[1] He seeks immediate release on grounds that his due process rights were violated by the failure to provide him a pre-deprivation hearing[2] and that the immigration judge abused his discretion in denying release on bond. *See* Traverse (docket no. 11). In response, interested party United States of America contends that petitioner's habeas petition should be dismissed for failure to exhaust his administrative remedies. *See* Return (docket no. 7).

**Discussion**

The Court declines to exercise its discretion to waive administrative exhaustion in this matter. Administrative exhaustion is prudential, not jurisdictional. *See W.T.M. v. Bondi*, No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)). The three factors set forth in

---

[1] A deficiency notice was issued by the Clerk of the Court and, after petitioner paid the filing fee, his habeas petition was docketed on September 1, 2026. *See* Notice (docket no. 3); Pet. (docket no. 4).

[2] Petitioner's due process theory lacks merit. Petitioner was not apprehended without warning while engaged in everyday activities; rather, petitioner was delivered to the custody of United States officials by Canadian Border Services agents after petitioner unsuccessfully attempted to gain entry into Canada. No pre-deprivation process (*i.e.*, notice and an opportunity to be heard before detention) could have been provided.

*Puga v. Chertoff*, 488 F.3d 812 (9th Cir. 2007), weigh in favor of requiring prudential exhaustion in this case, *see id.* at 815, and the Court is not persuaded that petitioner has made the requisite showing for waiver of BIA review. *See Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004)).

Moreover, even if the Court were to consider the merits of petitioner's challenge to the immigration judge's denial of bond, the Court would not grant habeas relief. The determination of whether a noncitizen is a "flight risk" for immigration-detention purposes involves a mixed question of law and fact that is reviewable in habeas proceedings. *See Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024) (citing *Wilkinson v. Garland*, 601 U.S. 209 (2024)). The applicable standard is whether the immigration judge's denial of bond constitutes an abuse of discretion. *Id.* at 779–80. Having listened to the audio recording of the hearing conducted on May 15, 2026, Ex. A to Clark Decl. (docket no. 9), and having reviewed the written memorandum of the immigration judge, Ex. C to Clark Decl. (docket no. 8-2), the Court cannot conclude that the immigration judge abused his discretion. Petitioner's recent violations of the conditions of the ATD program, including the unauthorized removal of his GPS ankle monitor, in an effort to leave the country after receiving an unfavorable asylum and withholding of deportation ruling, and while an administrative appeal is pending, support the immigration judge's decision that petitioner poses a flight risk.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The petition for a writ of habeas corpus, docket no. 4, is DENIED.

(2) The Clerk is directed to enter judgment consistent with this Order, to send a copy of the Judgment and this Order to all counsel of record and to petitioner pro se, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 5th day of October, 2026.

Thomas S. Zilly

Thomas S. Zilly
United States District Judge